PARIENTE, J.,
concurring in result.
I concur with the majority that there is no false reporting exception under the Florida Evidence Code. In a particular case, however, the evidence might be admissible under section 90.608(2) to show the witness is biased or under section 90.404(2)(a). I also agree with the First District that there may be circumstances where the failure to allow cross-examination of a witness about prior false accusations may constitute a constitutional infirmity. As Judge Lewis stated in his opinion below:
We agree that the evidence may be highly probative of the victim’s general credibility. At the same time, we recognize that the type of evidence Appellant sought to introduce is prohibited under current state law, and we are bound to apply that law, absent a constitutional infirmity. We adhere to our previously stated position that under the facts of another case, the circumstances surrounding the prior false accusation may be so similar to the circumstances surrounding the accusation in the defendant’s case that due process would require cross-examination regarding the prior incident. We are not presented with such a case today. Appellant’s *1101 proffered evidence, taken in the light most favorable to him, showed only that the victim previously falsely accused someone of sexual molestation when she was angry. The evidence Appellant adduced in the proffer and at trial did not reveal that the victim’s accusation against Appellant was made under substantially the same circumstances as her prior accusation.
Pantoja, 990 So.2d at 632. I conclude that no reversible error occurred under the circumstances of this case.